MRS. JESSIE WINFREY AND R. W. WINFREY, HER HUSBAND, v.
W. J. SPEAS.

(Filed 24 January, 1934.)

APPEAL by plaintiffs from *Sink, J.,* at June Term, 1933, of FORSYTH. Affirmed.

*Elledge Wells for appellants.*
*Ingle & Rucker for appellee.*

PER CURIAM. On 4 January, 1923, the plaintiffs executed and delivered to the defendant a mortgage deed to secure a note in the sum of $800.00 which was payable on 4 January, 1924.

The plaintiffs brought suit to enjoin foreclosure of the mortgage, alleging that at the time of execution it was agreed by the parties that the mortgagors should have the right to sell the timber situated on the

mortgaged land. This was denied by the defendant. The case was tried in the Forsyth County Court and at the close of the plaintiffs' evidence was dismissed as in case of nonsuit, and on appeal to the Superior Court the judgment was affirmed. The plaintiffs excepted and appealed.

R. W. Winfrey testified as follows: "I first discovered that the provision permitting me to cut and sell timber to pay the debt was not in the mortgage when I carried it home to my wife and she read it to me. I knew at that time that the provision was not in there, and I knew it when I handed it to Mr. Speas after my wife and I had signed it, and I told Mr. Speas it wasn't in there. My wife told me that that provision was not in the mortgage before I signed it and I knew it wasn't in there when I signed it."

The record shows that the action is not founded on fraud but on breach of contract. The provision was evidently not omitted from the mortgage by reason of fraud or mistake. The defendant contends that even if the alleged agreement was made, it was not supported by a valid consideration, that the mortgagors had a legal right to cut and remove the timber without the consent of the mortgagee unless the security was thereby impaired (19 R. C. L., 323), and that the plaintiffs are not entitled to relief growing out of their failure to exercise a legal right.

We have examined the record and the exceptions and are of opinion that the judgment should be affirmed. Judgment

Affirmed.